It will, of course, be the burden of the Government to prove at the trial that the offense in count 38 was a continuing one. All that this court here decides is that the offense charged in the information in count 38 may have a continuance in time, and that said count on its face is sufficient in law to stand.

It should be stated that the disposition made is without prejudice to the defendants to urge at the trial, proof that the offense, if any, had ended more than three years prior to the filing of the information herein and without prejudice to the making of any motion before the trial judge, at the appropriate time, based on the statute of limitations which upon the evidence the trial judge will be better able to decide. Submit order.

WELSH, District Judge.

A preponderance of the evidence in this case shows that the automobile involved was not the property of the defendant. Competent testimony showed that the defendant John Pina had said automobile registered in his name by reason of the fact that his son Mike Pina was a minor.

Authorities cited by plaintiff with reference to registered ownership of motor vehicles do not apply for the reason that no bona fide purchaser is interested in this lawsuit. Inasmuch as the defendant did not own the automobile and there was testimony that Mike Pina, the rightful owner, actually made the sale himself, it is ordered that judgment be entered in favor of the defendant, upon findings.

### BOWLES v. PINA.
#### Civ. No. 5282.

District Court, N. D. California, N. D.
April 29, 1946.

W. H. Brunner, Philip Adams and Simon M. Collins, all of San Francisco, Cal., for plaintiff.

Palmer & York, of St. Helena, Cal., and Arthur Joel, of San Francisco, Cal., for defendant.

### CRANE v. INTERNATIONAL RESISTANCE CO.
#### No. 4144.

District Court, E. D. Pennsylvania.
March 21, 1946.

